No. 32,020

The State of Kansas, *Appellee,* v. George J. Lohman, *Appellant.*

(41 P. 2d 750)

Opinion filed March 9, 1935.

*J. S. Simmons, Herbert E. Ramsey, Alva L. Fenn* and *Stuart Simmons,* all of Hutchinson, for the appellant.

*Clarence V. Beck,* attorney-general, *Earl B. Swarner,* assistant attorney-general, and *C. W. Slifer,* county attorney, for the appellee.

The opinion of the court was delivered by

Harvey, J.: George J. Lohman was charged with the larceny of a truckload of wheat from the granary of Dennis Harter, a farmer in Stafford county. He was tried, found guilty, and has appealed.

The pertinent facts shown by the record may be stated as follows: The appellant Lohman and his wife lived in Hutchinson. He had been a truck driver, employed by various persons, for about eight years. His side occupation, for part of this time at least, was that of a bootlegger. For this he had been convicted and had served time in jail. J. N. Babylon, a fairly well educated fellow about fifty years of age, had worked for farmers and others in Stafford and nearby counties for about eighteen years. He and Lohman were friends and he sometimes stayed for several days at a time at the Lohman home. Both of them knew Emmett Mackley and his family, who lived on a farm in Stafford county. On a Sunday in November, 1933, Lohman and his wife and Babylon went from Hutchinson to Mackley's home, where they visited four days, the men hunting part of the time. On Thursday they returned to Hutchinson. On Friday Lohman and Babylon appear to have loafed around home, drinking. Babylon suggested that they go that night and get a load of wheat. Lohman agreed. Soon after dark they went in Lohman's car to Mackley's place, left their car in the yard and took Mackley's old model T truck and drove to the Harter farm, a mile or two away. There, with two scoop shovels, they

loaded the truck with wheat from Harter's granary and drove back to Mackley's, where they backed the truck into a driveway. Lohman did the driving. They then got into Lohman's car and went back to Hutchinson. Before leaving the truck, however, Babylon left a note on a small three-cornered piece of paper, torn from a larger sheet, on the steering wheel of the truck under the gas throttle. On this paper was written: "Come down Saturday. Not later than Sunday. Don't fail me." Harter had been away from home early in the evening, but when he returned he discovered a truck had been there and hauled away some of his wheat. He notified the officers, the truck was tracked to Mackley's place, and found with the wheat in the truck. The note also was found on the steering wheel. Lohman and Babylon were arrested the next day. While Babylon was in jail Lohman took his grip there, and from the pocket of some clothing was found the sheet of paper from which the three-cornered piece had been torn and on which the note was left on the steering wheel of the truck.

The principal point urged on this appeal is that the court admitted in evidence this note found on the steering wheel and also the paper from which it was torn. We see no more objection to receiving those in evidence than in receiving evidence of the wheat and scoop in the truck, the kind of tires on the truck, and the tracks they made, and other material things connected with the testimony.

Some criticism is made because the evidence which sustained the verdict was principally that of an accomplice. The court carefully instructed the jury as to how such evidence should be weighed. It is the rule in this state that the uncorroborated testimony of an accomplice, if believed by the jury, is sufficient to sustain a verdict. (*State v. McIntyre,* 132 Kan. 43, 48, 294 Pac. 865.) It hardly can be said here, however, that the testimony of the accomplice was not corroborated in some material particulars.

There is no error in the record, and the judgment of the court below is affirmed.